UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GRACE ALBANESE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br><br>　　　　　Defendant. | Case No. 2:17-cv-01904-JCM-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(IFP Application – ECF No. 1) |

This matter is before the court on Plaintiff Grace Albanese's Application to Proceed *In Forma Pauperis* (ECF No. 1) pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice. This Application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and LR IB 1-3 and 1-4 of the Local Rules of Practice.

I.  **IN FORMA PAUPERIS APPLICATION**

Ms. Albanese is proceeding in this action *pro se*, which means that she is not represented by an attorney. *See* LSR 2-1. She has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* ("IFP"), meaning without prepaying the filing fees, and submitted a proposed complaint. Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a filing fee and administrative fee totaling $400 is required to commence a civil action in a federal district court. The court may authorize a person to commence an action without the prepayment of fees and costs if the person files an IFP application including an affidavit stating that he or she is unable to pay the initial fees. *See* 28 U.S.C. § 1915(a)(1); LSR 1-1. However, the court must apply "even-handed care" to ensure that "federal funds are not squandered to underwrite, at public expense, either frivolous claims" or the colorable claims of a plaintiff "who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984)

1  (collecting cases). A "district court may deny leave to proceed in forma pauperis at the outset if it
2  appears from the face of the proposed complaint that the action is frivolous or without merit."
3  *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat'l Bank*
4  *& Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987)). A complaint that "merely repeats pending or
5  previously litigated claims" is frivolous. *See, e.g.*, *Cato v. United States*, 70 F.3d 1103, 1105 n.2
6  (9th Cir. 1995) (citation omitted); *see also Denton v. Hernandez*, 504 U.S. 25, 30 (1992); *Martinez*
7  *v. Bureau of Immigration & Customs Enf't*, 316 F. App'x 640, 641 (9th Cir. 2009).

8  Since March 2016, Ms. Albanese has filed 45 federal cases in the District of Nevada, 42 of
9  which are currently ongoing and 13 of which are pending before the undersigned magistrate judge.[1]
10 In all, she has sued the Las Vegas Metropolitan Police Department ("LVMPD") 30 times in just
11 over a year. Most of Albanese's actions assert the same or very similar allegations: various persons

---

[1] *See Albanese v. Fed. Bureau of Investigations*, 2:16-cv-00529-KJD-NJK; *Albanese v. Transp. Security Admin.*, 2:16-cv-00530-GMN-CWH; *Albanese v. Homeland Security*, 2:16-cv-00531-RFB-VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:16-cv-00532-RFB-GWF; *Albanese v. Regional Transp. Comm'n of So. Nev.*, 2:16-cv-01882-APG-PAL; *Albanese v. Las Vegas Metro Police Dep't*, 2:17-cv-00577-GMN-PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01087-GMN-GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01284-MMD-NJK; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01285-JCM-VCF, *appeal docketed*, No. 17-16127 (9th Cir. May 31, 2017); *Albanese v. Fed. Bureau of Investigations*, 2:17-cv-01286-JAD-PAL; *Albanese v. Dep't of Homeland Security*, 2:17-cv-01287-JCM-PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01520-JAD-CWH; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01544-RFB-PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01573-JCM-GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01574-RFB-PAL; *Albanese v. Fed. Bureau of Investigations*, 2:17-cv-01599-JAD-VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01600-JAD-VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01613-APG-PAL; *Albanese v. Fed. Bureau of Investigations*, 2:17-cv-01614-JAD-PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01633-JAD-VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01634-RFB-CWH; *Albanese v. Fed. Bureau of Investigations*, 2:17-cv-01635-JAD-CWH; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01640-MMD-VCF; *Albanese v. Fed. Bureau of Investigations*, 2:17-cv-01641-JAD-GWF; *Albanese v. Homeland Security*, 2:17-cv-01642-RFB-GWF; *Albanese v. Fed. Bureau of Investigations*, 2:17-cv-01662-JAD-NJK; *Albanese v. Homeland Security*, 2:17-cv-01663-JCM-NJK; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01664-JCM-GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01735-JCM-PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01780-JCM-VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01782-JCM-VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01795-JAD-GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01807-JCM-GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01808-APG-GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01832-KJD-PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01852-JCM-GWF; *Albanese v. Fed. Bureau of Investigations*, 2:17-cv-01871-JAD-VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01872-RFB-VCF; *Albanese v. Homeland Security*, 2:17-cv-01874-RFB-VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01896-JCM-VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01903-MMD-GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01904-JCM-PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01972-JAD-NJK; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01973-RFB-PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01974-JAD-PAL.

stalk or spy on Albanese in her bedroom and when she travels around Las Vegas, sometimes using listening devices or hacking into her phone, but federal and state law enforcement officers ignore her requests for help and refuse to investigate or arrest the wrongdoers. She asserts similar legal claims in all her cases pursuant to 42 U.S.C. § 1983: violations of her due process, equal protection, and free speech rights, obstruction of justice, defamation, public corruption, and conspiracy.

Ms. Albanese has been warned by the undersigned as well as Magistrate Judge Cam Ferenbach that duplicative lawsuits with virtually identical causes of action are subject to dismissal under 28 U.S.C § 1915. *See Albanese v. Fed. Bureau of Investigations*, 2:17-cv-01599-JAD-VCF, June 19, 2017 Report & Recommendation (ECF No. 3); *Albanese v. Las Vegas Metro Police Dep't*, 2:17-cv-00577-GMN-PAL, June 30, 2017 Report & Recommendation (ECF No. 68). Additionally, Judge Ferenbach has recommended that she be declared a vexatious litigant and be prohibited from filing any complaint, petition, or other document without first obtaining leave from the Chief Judge. His report and recommendation is currently pending before United States District Court Judge Jennifer A. Dorsey.

Having reviewed her complaint in this case, the court finds that her claims are frivolous and duplicative and will recommend denial of her IFP application and dismissal of the complaint.

## II.   SCREENING THE COMPLAINT

### A.  Legal Standard

Pursuant to § 1915(e), federal courts must screen all IFP complaints prior to a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to "all in forma pauperis complaints"). Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Federal courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief

from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint may be characterized as malicious "when it is 'filed with the intention or desire to harm another'." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (quoting *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005)). Allegations are frivolous when they are "clearly baseless" or lack an arguable basis in law and fact. *Denton*, 504 U.S. at 32; *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolous claims include those based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke*, 490 U.S. at 327–28; *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991); *Andrews*, 398 F.3d at 1121. In determining whether a complaint is frivolous and therefore warrants complete or partial dismissal, a court is not bound "to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. A complaint may be dismissed as frivolous if it "merely repeats pending or previously litigated claims." *Cato*, 70 F.3d at 1105 n.2 (citation omitted); *see also Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992) ("district courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party"); *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."), *overruled in part on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008); *McWilliams v. State of Colorado*, 121 F.3d 573, 574 (11th Cir. 1997) (holding that repetitious action may be dismissed as frivolous or malicious).

**B. Ms. Albanese's Duplicative Factual Allegations and Claims for Relief**

The court finds that the complaint in this case is frivolous because it merely repeats claims pending in other cases. Here, Albanese is suing LVMPD under 42 U.S.C. § 1983 for, among other things, denying her equal protection and due process rights, public corruption, obstruction of

///

///

///

justice, and a police conspiracy because the police are allowing a man in the area of Convention Center and Paradise to stalk her:

> I'd like to sue the LVMPD for not stopping stalking from taking place when they know it's happening to me…. That repeat stalker knows I'm going to call the cops so he keeps stalking me.  The police allow him to stalk me. The police defend criminal behavior and say they are going to talk to people harassing me and so they forget and leave in their vehicles. So I keep returning to the Federal Building. *So it's like a vicious circle. I keep being stalked (with police foreknowledge). I call the cops. The police keep defending Apts. 3 and 9 who harass me. I keep suing.*

Compl. (ECF No. 1-1) (emphasis added).

In *Albanese v. Las Vegas Metropolitan Police Department*, 2:17-cv-00577-GMN-PAL, she alleged that LVMPD and its employees violated her equal protection and due process rights and obstructed justice by failing to respond to her call for help and refusing to take her voluntary statement that a neighbor was stalking her. *Id*., Am. Compl. (ECF No. 15).  Albanese alleged she called LVMPD to report that her neighbor was stalking her.  A police sergeant told Ms. Albanese she was not stalked and he would not respond or allow other LVMPD officers to respond.  She further alleged that an LVMPD employee refused to allow Ms. Albanese to document a crime of stalking making a voluntary statement.  The court expressly found that these allegations failed to state actionable claims.  *Id*., June 30, 2017 Report & Recommendation (ECF No. 68).

In *Albanese v. Las Vegas Metropolitan Police Department*, 2:17-cv-01544-RFB-PAL, she alleges that LVMPD violated her equal protection right and obstructed justice because the police knew she was being stalked but would not take action:

> Turns out not only was the stalker stalking me but he was tresspassing [*sic*] as well and Officer Folger told me he would not tell me he was tresspassing [*sic*]…. The officer told me I was not being stalked.  I believe the Las Vegas Police knew I was to be stalked by the homeless male and the police won't acknowledge that fact.

*Id*., Compl. (ECF No. 1-1).

In *Albanese v. Las Vegas Metropolitan Police Department*, 2:17-cv-01574-RFB-PAL, she alleges that LVMPD violated her equal protection right and obstructed justice because an operator refused to dispatch an officer to investigate individuals who were stalking and spying on her:

> [W]hen she asked me why I was whispering and I told her because my neighbors are spying/observing me…. Operators Collins 14128 was obstructing justice because she did not understand that I have to whisper when I call 311 and report

5

> laundry room vagrants. So she refused to allow officers to investigate until they talked to me about my mental state.

*Id.*, Compl. (ECF No. 1-1).

In *Albanese v. Las Vegas Metropolitan Police Department*, 2:17-cv-01613-APG-PAL, she alleges that LVMPD is

> Allowing my civil rights to be violated by allowing obstruction to help people stalk me. To deny me equal protection by not allowing law enforcement to arrest people stalking me on a daily basis when I exit my house. To obstruct by not arresting people who are informing on me to people who stalk me."

*Id.*, Compl. (ECF No. 1-1).

In *Albanese v. Federal Bureau Of Investigation*, 2:17-cv-01614-JAD-PAL, Albanese sued the FBI under § 1983 for violating her civil rights by denying her equal protection, and obstruction of justice. *Id.*, Compl. (ECF No. 1-1). The complaint alleges the following:

> Allowing people to stalk me on a daily basis in violation of my equal protection. Allowing people to inform on me to people who are funding and supporting someone who stalks me on a daily basis allowing obstruction of the law to aid in stalking to continue.

*Id.*

In *Albanese v. Federal Bureau of Investigations*, 2:17-cv-01635-JAD-CWH, Albanese sued the FBI under § 1983 for denying her due process and equal protection, and obstruction of justice. *Id.*, Compl. (ECF No. 1-1). Her complaint alleges:

> The F.B.I. refuse to help me when they know I'm being followed by the same man who is being supported and funded by people who want me to move. The F.B.I. refuse to help me when I am being stalked and they know by whom. The F.B.I. refuses to pull the plug on 1107 E. Desert Inn Apts 3 and 9 observation of me in my room. The F.B.I. know I'm being stalked and they won't help me. This is obstruction of justice, denying me due process and equal protection.

*Id.*

In *Albanese v. Las Vegas Metropolitan Police Department*, 2:17-cv-01795-JAD-GWF, Albanese sued the police under § 1983 for violating her equal protection rights and obstructing justice. The complaint alleges:

> Same stalker stalks me along my rout [*sic*] everyday. Threats to arrest (arrest) me from 311/911 for reporting criminal stalking are made to me. Moffit #7897 said GPS is being used to arrest me by tracking my movements…. When I wait for the p police they don't show up, thankfully. Again & again same male stalks me. He's being funded and supported by people who want me to move. The police won't

6

>arrest him. Instead, the police want to arrest me. Same man keeps stalking me and the police want to arrest me not him.

*Id.*

Here, the court finds that Albanese's complaint is frivolous because it merely repeats pending or previously litigated claims. These actions follow a distinct pattern, which Albanese herself acknowledges in the complaint. Ms. Albanese believes that various persons stalk or spy on her in her home and when she travels around Las Vegas. However, she alleges that federal and local law enforcement officers refuse to help her or investigate and arrest her stalkers. She asserts similar legal claims in most of her cases pursuant to 42 U.S.C. § 1983: violations of her due process, equal protection, and free speech rights, obstruction of justice, defamation, public corruption, and conspiracy. Because this action is duplicative and frivolous dismissal is appropriate.

Based on the foregoing,

**IT IS RECOMMENDED** that:

1. Plaintiff Grace Albanese's Application to Proceed *In Forma Pauperis* (ECF No. 1) be **DENIED**.
2. The Complaint (ECF No. 1-1) be **DISMISSED**.
3. The Clerk of the Court be instructed to close this case and enter judgment accordingly.

Dated this 24th day of July, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE</u>**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of

those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.